IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| XIAOHU ZHAO,<br><br>        Plaintiff,<br><br>    v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"<br><br>        Defendants. | Civil Action No. 6:23-cv-661 |

## COMPLAINT

Plaintiff Xiaohu Zhao, ("Plaintiff") hereby brings the present action against the Partnerships and Unincorporated Associations identified in Schedule A attached hereto (collectively, "Defendants") and alleged as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Texas pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Texas, through at least the fully interactive, commercial Internet stores operating under the Online Marketplace Accounts

1

identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Texas residents by operating one or more commercial, interactive Defendant Internet Stores through which Texas residents can purchase products which infringe upon Plaintiff's Registered Trademark. Each of the Defendants has targeted sales from Texas residents by operating online stores that offer shipping to the United States, including Texas, accept payment in U.S. dollars and, on information and belief, has sold products which infringe Plaintiff's Registered Trademark to residents of Texas. Each of the Defendants is committing tortious acts in Texas, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Texas.

## **INTRODUCTION**

3.     This action has been filed by Plaintiff to combat online sellers who trade upon Plaintiff's reputation and goodwill by offering for sale and selling products which infringe upon and are confusingly similar to Plaintiff's Registered Trademark. The Registration is valid, subsisting, and in full force and effect. A true and correct copy of the federal trademark registration certificate for the marks is as **Exhibit 1.**

4.     The Defendants offer for sell and sell products, including consumable products in the same class of goods and services, using trademarks which infringe Plaintiff's federally registered trademark (the "Infringing Products"). The Defendants create the Defendant Internet Stores by the hundreds and design them to appear to be selling products having a registered trademark, while actually not having any trademarks and instead selling Infringing Products to unknowing consumers.

5.     The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the Infringing Products offered for sale, establishing a logical relationship between

them and suggesting that Defendants' infringing operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their infringing operation. Plaintiff is forced to file this action to combat Defendants' infringement of its Registered Trademark, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendants' actions and seek injunctive and monetary relief.

6. This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Texas and in this Judicial District, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Texas and in this Judicial District. In addition, each defendant has offered to sell and ship infringing products into this Judicial District.

## THE PARTIES

### Plaintiff Xiaohu Zhao

7. Plaintiff is a citizen and resident of China. Plaintiff is the owner by assignment of the Registered Trademark of **Exhibit 1**.

8. Plaintiff offers for sale products under its own brand using the Registered Trademark via online platforms such as Amazon.com. Plaintiff has an established reputation and quality reviews.

9. The Registered Trademark is distinctive when applied to Plaintiff's Products, signifying to the purchaser that the products come from Plaintiff and/or its authorized retailers and are manufactured to Plaintiff's quality standards. Whether Plaintiff manufactures the products

itself or contracts with others to do so, Plaintiff has ensured that products bearing the Registered Trademark are manufactured to the highest quality standards.

10. Plaintiff has expended substantial time, money, and other resources in advertising and promoting the Registered Trademark. In fact, Plaintiff has expended significant dollars annually in advertising, promoting and marketing featuring the Registered Trademark.

**The Defendants**

11. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China. Defendants conduct business throughout the United States, including within the State of Texas and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Texas, and has offered to sell, and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including the State of Texas.

12. On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the Registered Trademark in the same transaction, occurrence, or series of transactions or occurrences. For example, Defendants all sell and/or offer for sale the same infringing products with minor variations as well as similar if not identical product images and descriptions as shown in Exhibit 2. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

**The Defendants Unlawful Conduct**

13. Plaintiff has not licensed or authorized Defendants to use the mark, and none of the Defendants are authorized retailers of Plaintiff's Products.

14. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

15. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. The Defendant Internet Stores include notable common features beyond selling the exact same infringing products, including the same product images, the accepted payment methods, , identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, similar hosting services, and the use of the same or substantially similar text and images.

16. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

17. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts, such as take down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their online platform accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based accounts to China-based bank accounts outside the jurisdiction of this Court.

18. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe the Registered Trademark, and continue to do so via the Defendant Internet Stores. Each Defendant Internet Store offers shipping to the United States, including Texas, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Texas.

19. Defendants' infringement of the Registered Trademarkin connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products into Texas, is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

20. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

21. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of Plaintiff's Registered Trademark in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods.

22. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using confusingly similar reproductions of the Registered Trademark without Plaintiff's permission.

23. Plaintiff is the exclusive owner of the Registered Trademark. Upon information and belief, Defendants have knowledge of Plaintiff's rights in the Registered Trademark, and are willfully infringing and intentionally using the Registered Mark. Defendants even falsely claim trademark registrations using the registered ® mark on its products despite not existing federal registration. Defendants' willful, intentional and unauthorized use of the Registered Mark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Infringing Products among the general public.

24. Defendants' activities constitute willful trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

25. Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of the Registered Trademarks

## COUNT II

### FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

26. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

27. Defendants' promotion, marketing, offering for sale, and sale of Infringing Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Infringing Products by Plaintiff.

28. By using the Registered Trademark on the Infringing Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Infringing Products.

29. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Infringing Products to the general public involves the use of Plaintiff's Registered Mark while falsely claiming a registered mark of this own is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

30. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to their reputations and the goodwill of Plaintiff's brand.

## COUNT III
## VIOLATION OF DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT

31. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

32. Defendants have engaged in acts violating Texas law including, but not limited to, passing off their counterfeit Infringing Products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine Plaintiff's products, representing that their products have Plaintiff's approval when they do not, and/or engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

33. The foregoing Defendants' acts constitute a willful violation of the Texas Business and Commerce Code, § 17.01, et seq.

34. Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the Registered Trademark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing advertising, offering for sale, or sale of any product that is not a genuine Plaintiff Product or is not authorized by Plaintiff to be sold in connection with the Registered Trademark;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff Product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Registered Trademark;

    c. committing any acts calculated to cause consumers to believe that Defendants' Infringing Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the Registered Trademark and damaging Plaintiff's goodwill; and

  e.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the Registered Trademark, or any reproductions, counterfeit copies or colorable imitations thereof;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart.com, Temu, Shein, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

  a.  disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Registered Trademark;

  b.  disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Infringing Products using the Registered Trademark or confusingly similar to the Registered Trademark; and

  c.  take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

3) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that the amount of damages for

infringement of Plaintiff's Registered Trademark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the Registered Trademark;

5) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

DATED September 10, 2023.                                     Respectfully submitted,

By: */s/ Hao Ni*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*Counsel for Xiaohu Zhao*