# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# WACO, TEXAS

| | |
|---|---|
| XIAOHU ZHAO,<br><br>                    Plaintiff,<br><br>        v.<br><br>THE PARTNERSHIPS and<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A"<br><br>                    Defendants. | Civil Action No. 6:23-cv-00661-ADA-DTG |

## PRELIMINARY INJUNCTION ORDER

Plaintiff Xiaohu Zhao ("Zhao") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (collectively, "Defendants") and the online marketplace accounts identified in Schedule A (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court GRANTS Zhao's Motion in part as follows.

This Court finds Zhao has provided notice to Defendants in accordance with the Temporary Restraining Order entered October 17, 2023 (Dkt. No. 12) ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Texas. Specifically, Zhao has provided a basis to conclude that Defendants have targeted sales to Texas residents by setting up and operating e-

---

[1] The e-commerce store ID numbers are listed on Schedule A hereto under the Online Marketplaces.

commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Texas, and have sold products using infringing and counterfeit versions of Zhao's federally registered trademark (the "Zhao Trademark") to residents of Texas. In this case, Zhao has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Texas residents by operating one or more commercial, interactive internet stores through which Texas residents can and do purchase products using counterfeit versions of the Zhao Trademark.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Zhao's previously granted Motion for Entry of a TRO establishes that Zhao has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Zhao will suffer irreparable harm if the injunction is not granted.

Specifically, Zhao has proved a *prima facie* case of trademark infringement because (1) the Zhao Trademark is a distinctive mark and are registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use any of the Zhao Trademark, and (3) Defendants' use of the Zhao Trademark is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Zhao. Furthermore, Defendants' continued and unauthorized use of the Zhao Trademark irreparably harms Zhao through diminished goodwill and brand confidence, damage to Zhao's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Zhao has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

    a. using the Zhao Trademark or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Zhao product or not authorized by Zhao to be sold in connection with the Zhao Trademark;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Zhao product or any other product produced by Zhao, that is not Zhao's or not produced under the authorization, control, or supervision of Zhao and approved by Zhao for sale under the Zhao Trademark;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Zhao, or are sponsored by, approved by, or otherwise connected with Zhao; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Zhao, nor authorized by Zhao to be sold or offered for sale, and which bear any of Zhao's trademarks, including the Zhao Trademark, or any reproductions, counterfeit copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to,

       GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order or prior to the expiration of this Order, whichever date shall occur first, shall disable the Defendant Domain Names and make them inactive and untransferable until further order by this Court.

4. Upon Zhao's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, Inc., ContextLogic Inc. d/b/a Wish.com ("Wish.com"), and Dhgate (coltelectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Zhao expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b.  the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including,

without limitation, PayPal, Inc. ("PayPal"), Alipay, Wish.com, Alibaba, Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Upon Zhao's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Zhao Trademark.

6. Any Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

7. Zhao may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Pleadings, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "The Partnerships and Unincorporated Associations on Schedule "A" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any

      notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. Zhao's Pleading(s) and Exhibit(s) are unsealed.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Western District of Texas Local Rules.

10. The $32,000.00 bond posted by Zhao shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED.

SIGNED this 14th Day of November, 2023.

                                                    Honorable ALAN D ALBRIGHT
                                                    United States District Judge

## Schedule A

| No. | Defendant Name/Alias | No. | Defendant Name/Alias |
|---|---|---|---|
| 1 | TENGLONG DIRECT | | |
| 3 | Nature Beauty From Asia | 4 | Asia Collections-USA |
| 5 | Huochi | 6 | AUTUMEGE |
| 7 | MRRY Direct | 8 | Rednow |
| 9 | DebeTeCo-US | | |
| | | 12 | HITOMI JAPAN USA DIRECT |
| 13 | Newvenper | 14 | Innovative Life-USA Direct |
| 15 | Lymzn-US | 16 | Ucall Care |
| 17 | Peaxuzy | 18 | Jiaminus |
| 19 | Dapoprren | 20 | LANJEAN |
| 21 | Vwlvrsco-US | 22 | RuiQA |
| 23 | Save 50% Clearance Sale Fast Delivery (7-10 Days) | 24 | FEILIAMAO |
| 25 | OFMWBN | 26 | WuMeiJL |
| 27 | Marialove | 28 | RurHua Co US |
| 29 | Lancity | 30 | Lovegog US{7-15D Delivery} |
| 31 | Kilomets Flagship-USA Direct Store | | |

| No. | Amazon Store ID | No. | Amazon Store ID |
|---|---|---|---|
| 1 | A1YI159Y71VM7H | | |
| 3 | A23ACZ49NV2Q8X | 4 | A3IM903LBKTOX9 |
| 5 | A2MTCTYY14U4LU | 6 | AB1V3GI6LJOG2 |
| 7 | A1USUX42EWRIXA | 8 | A1BEYPLOTDV6UH |
| 9 | A38PUJFDJ48PPK | | |
| | | 12 | AOM79B63SA3SJ |
| 13 | A1CAV76DO6B5D1 | 14 | AG5FY17C8S6Q0 |
| 15 | A213ZJ2UK9JP0Y | 16 | A1VBXHB8Q3NE2R |
| 17 | A1W7IQGYHOPKJN | 18 | A1F1TMHB2UJO2U |
| 19 | APLIQ91PW405U | 20 | A2W7288CA7BYIE |
| 21 | AJM4R5B9YV5TC | 22 | A1NFYPXMPF6PFL |
| 23 | A1DGF6K41LQRLA | 24 | A3OLQO69TO8VU6 |
| 25 | A8WY6MNQHORU3 | 26 | API5UHEUO4DQD |
| 27 | A1BNFLCO3EBAV5 | 28 | A22YELCXKWLCQ1 |
| 29 | A8AY1AS5UW64V | 30 | A2MYEEWP8RH9QY |
| 31 | A1TYV9VLKFXO4H | | |